UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONALD F. TAYLOR          ]
    Plaintiff,         ]
                          ]
v.                        ]    No. 3:10-0795
                          ]    Judge Trauger
WHITEVILLE CORRECTIONAL   ]
FACILITY                  ]
    Defendant.        ]

## O R D E R

On September 9, 2010, an order (Docket Entry No. 15) was entered dismissing the instant *pro se* prisoner action. Since the entry of this order, the plaintiff has filed a Motion to Amend Complaint (Docket Entry No. 17), a Motion to Discover Documents (Docket Entry No. 18), a Motion to Address the Court Ex Parte (Docket Entry No. 19), and a Notice of Appeal (Docket Entry No. 21).

The dismissal of this action has rendered moot the plaintiff's pending Motions. Accordingly, said Motions are hereby DENIED for that reason.

In order to prosecute a civil appeal, a prisoner plaintiff must first file a timely notice of appeal accompanied by either the full appellate filing fee or an application to proceed in forma pauperis with a certified copy of his trust fund account statement. 28 U.S.C. § 1915(a).

The plaintiff has submitted neither the full appellate filing fee nor the requisite documentation to proceed on appeal in forma pauperis. Therefore, the plaintiff shall submit to the Clerk of this Court within thirty (30) days from the date of entry of this order either the full appellate

filing fee of four hundred fifty five dollars ($455.00) or an application to proceed in forma pauperis along with a certified copy of his trust fund account statement for the six month period immediately preceding the filing of his Notice of Appeal.

If the entire filing fee is not paid or the appropriate indigency papers are not filed within the designated thirty day period, the Court of Appeals may dismiss the appeal for failure to prosecute under Rule 3(a), Fed. R. App. P., and this Court will assess the entire filing fee. If dismissed under such circumstances, the appeal will not be reinstated despite payment of the full filing fee or subsequent correction of any documentary deficiency. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir.1997).

An extension of time to pay the filing fee or to file the appropriate documentation for pauper status may be requested from this Court if filed within thirty days from the date of entry of this order. Floyd v. United States Postal Service, 105 F.3d 274, 279 (6th Cir.1997).

The Clerk is directed to forward a copy of this order to the Clerk of the Court of Appeals.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge